J-S48025-14

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| BASHEIR FAKHA EDWARDS, | |
| Appellee | No. 2183 MDA 2013 |

Appeal from the Order Entered October 25, 2013
in the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0000294-2013

BEFORE:  DONOHUE, J., JENKINS, J., and PLATT, J.[*]

DISSENTING STATEMENT BY PLATT, J.:          **FILED SEPTEMBER 18, 2014**

Because I believe that there was sufficient reasonable suspicion to justify the motor vehicle stop at issue, I respectfully dissent.  I would reverse the grant of suppression and remand for trial.

Sergeant Dale Binker, an experienced police officer, was parked in a deserted parking lot at 1:17 a.m.; none of the businesses who used the lot were open.  (**See** N.T., 10/22/13, at 4-6, 18).  Sergeant Binker observed a car, driven by Appellant, traverse the parking lot at a higher than average speed and then pull onto a dirt access road leading to land owned by Canadian Pacific Railway and a wooded area.  (**See id.** at 5-6).  Areas surrounding the access road and the woods are private property.  (**See id.**

---

[*] Retired Senior Judge assigned to the Superior Court.

at 5-6; 21-22).  The area is a high-crime area.  (**See id.** at 6, 25).
Specifically, Sergeant Binker testified that, in the area at issue, it was
common to have numerous stolen cars, illegal dumping, poaching.  (**See id.**
at 6, 15).  Sergeant Binker also stated that, because of the wooded location,
he was concerned about the possibility of a girl being in the car and being
raped.  (**See id.** at 15-16).

I believe that this evidence is sufficient to establish reasonable
suspicion.  **See Commonwealth v. Downey**, 39 A.3d 401, 406 (Pa. Super.
2012), *appeal denied*, 50 A.3d 124 (Pa. 2012) ("In assessing the totality of
the circumstances, courts must also afford due weight to the specific,
reasonable inferences drawn from the facts in light of the officer's
experience and acknowledge that innocent facts, when considered
collectively, may permit the investigative detention.") (citation omitted);
**Commonwealth v. Brown**, 23 A.3d 544, 551 (Pa. Super. 2011) (*en banc*)
(combination of experienced police officer and suspicious, although not
illegal behavior of appellant was sufficient to justify automobile stop);
**Commonwealth v. Hayes**, 898 A.2d 1089, 1094 (Pa. Super. 2006)
("[a]lthough Appellee's behavior may also have been consistent with
innocent behavior, that alone does not make the investigatory detention
unlawful.") (citation omitted).

I would conclude that here, based upon the totality of the
circumstances, the Commonwealth presented sufficient evidence of

suspicious activity for Sergeant Binker, based on his training and experience, to establish reasonable suspicion that criminal activity was afoot. Therefore, I would reverse the decision of the trial court granting suppression and remand for trial.

Accordingly, I respectfully dissent.