J-S63011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL PAUL FRITZ, | |
| Appellant | No. 810 MDA 2014 |

Appeal from the Judgment of Sentence March 6, 2014
In the Court of Common Pleas of Perry County
Criminal Division at No(s): CP-50-CR-0000459-2012

BEFORE:  BOWES, PANELLA, and PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 15, 2014**

Michael Paul Fritz appeals from the judgment of sentence of two to thirty days incarceration to be followed by twelve months probation imposed after the court found him guilty of possession of a small amount of marijuana and possession of drug paraphernalia.  We affirm.

Marysville Chief of Police, Carl Lehman, was on foot patrol at the Lions Club Carnival in Marysville at approximately 9:20 p.m. on August 4, 2012. He observed Appellant and another individual exit a wooded area, which is generally not accessible, and is known as a location where individuals frequent to smoke marijuana.  Chief Lehman approached the two men.  As

_____

* Retired Senior Judge assigned to the Superior Court.

he did so, he immediately detected a strong odor of burnt marijuana emanating from both individuals. Chief Lehman then patted down the men. On Appellant's companion, he discovered brass knuckles. In conducting the pat-down of Appellant, Chief Lehman felt a pack of cigarettes and asked if that was what Appellant was carrying. Appellant responded in the affirmative and removed the cigarette package. Due to the strong smell of marijuana coming from Appellant, Chief Lehman asked Appellant if there was anything else inside the cigarette pack. Appellant responded that there was a marijuana blunt and showed it to the officer. Accordingly, Chief Lehman filed charges against Appellant for possession of a small amount of marijuana. Appellant filed a motion to suppress, contending that Chief Lehman did not have reasonable suspicion to conduct an investigative detention. The Commonwealth countered that Chief Lehman's initial interaction was a mere encounter which ripened into an investigative detention once he smelled the marijuana. The suppression court ruled in favor of the Commonwealth.

Thereafter, Appellant proceeded to a non-jury trial with a different judge presiding. The court found Appellant guilty of possession of drug paraphernalia and possession of a small amount of marijuana. The court imposed a sentence of two to thirty days incarceration on the possession of a small amount of marijuana count and twelve months probation for the drug paraphernalia charge. This timely appeal ensued.

The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) statement. Appellant complied, and the court authored a Rule 1925(a) opinion. The matter is now ready for our consideration. Appellant's sole issue on appeal is, "Did the trial court err in not suppressing the evidence which was introduced at trial as the result of a warrantless search upon the Defendant and which ultimately led to conviction?" Appellant's brief at 10.[1]

In evaluating a suppression ruling, we consider the evidence of the Commonwealth, as the prevailing party below, and any evidence of the defendant that is uncontradicted when examined in the context of the suppression record. **Commonwealth v. Sanders**, 42 A.3d 325, 330 (Pa.Super. 2012). This Court is bound by the factual findings of the suppression court where the record supports those findings and may only reverse when the legal conclusions drawn from those facts are in error. **Id**.

Appellant's argument hinges on alleged inconsistencies between Chief Lehman's suppression hearing and trial testimony. Essentially, Appellant challenges the credibility of Chief Lehman at the suppression proceeding and maintains that Chief Lehman "had already formulated a reasonable suspicion without even seeing or observing the Appellant." Appellant's brief at 13. In

---

[1] Appellant's brief contains an order entirely unrelated to this case as the purported order being appealed from at the beginning of the brief. However, Appellant did attach the proper order as well. We also note that Appellant's brief recites the standard and scope of review for a sufficiency of the evidence claim, despite his sole issue on appeal being related to suppression.

Appellant's view, Chief Lehman was proceeding to investigate the area before encountering Appellant. Of course, this is largely immaterial. An officer is permitted to investigate an area and may have a mere encounter with a person as he does so. Appellant continues that his exiting a wooded area is not an indication of illegal activity and that Chief Lehman had no grounds to stop him. According to Appellant, since Chief Lehman was not authorized to detain him, Chief Lehman's pat-down search was unlawful.

The Commonwealth replies that the initial interaction between Appellant and Chief Lehman was a mere encounter. It contends that Chief Lehman obtained reasonable suspicion that criminal activity was afoot when he detected the strong odor of burnt marijuana on the person of Appellant and his companion. Accordingly, it reasons that the pat-down of Appellant was lawful and points out that Appellant voluntarily disclosed that his cigarette pack contained a blunt.

In evaluating interaction between law enforcement and other citizens, Pennsylvania courts look to whether the interaction is a mere encounter, an investigatory detention, or a custodial detention, *i.e.*, an arrest. The latter is not in question herein. A mere encounter does not require police to have any level of suspicion that the person is engaged in wrongdoing. ***Commonwealth v. Downey***, 39 A.3d 401, 405 (Pa.Super. 2012). At the same time, such an encounter does not carry any official compulsion for the party to stop or respond. ***Id***. An investigative detention, however, subjects

an individual to a stop and short period of detention. *Id*. This seizure does not involve actions that are so coercive as to comprise the equivalent of an arrest. *Id*. To conduct an investigative detention, police must have reasonable suspicion of criminal activity. *Id*. We consider what level of interaction occurred under a totality of the circumstances test. ***Commonwealth v. Williams***, 73 A.3d 609, 615-616 (Pa.Super. 2013).

Here, we find that Chief Lehman's approach toward Appellant was a mere encounter. ***See Commonwealth v. Guess***, 53 A.3d 895 (Pa.Super. 2012). Once Chief Lehman detected the strong odor of marijuana emanating from Appellant's person, he had reasonable suspicion to pat down and detain Appellant. Since the detention was not unlawful, and Appellant conceded that he possessed marijuana, his suppression issue does not entitle him to relief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2014