J-S41029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ADALBERTO BENIQUEZ-RODRIGUEZ | |
| Appellant | No. 2056 MDA 2014 |

Appeal from the Judgment of Sentence October 29, 2014
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000104-2014

BEFORE:  ALLEN, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:              **FILED AUGUST 19, 2015**

Adalberto Beniquez-Rodriguez appeals from the judgment of sentence entered in the Court of Common Pleas of Lebanon County after a non-jury trial in which he was found guilty of possession with intent to deliver heroin,[1] possession of heroin, cocaine, and alprazolam,[2] and possession of drug paraphernalia.[3]  Beniquez-Rodriguez challenges the trial court's denial of his suppression motion.  After careful review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(16).

[3] 35 P.S. § 780-113(a)(32).

The relevant facts and procedural history of this matter are as follows. Police obtained a warrant to search the house at 244 East Weidman Street, Lebanon, Pennsylvania, based upon information provided by a reliable confidential informant indicating that Beniquez-Rodriguez possessed large quantities of heroin and was selling it out of the house. Police executed the search warrant, which yielded numerous items that violate the Controlled Substance, Drug, Device and Cosmetic Act,[4] including, but not limited to, more than 56 grams of powdered heroin.

Beniquez-Rodriguez filed an omnibus pre-trial motion to suppress, challenging whether the search warrant sufficiently established probable cause to search his residence. Beniquez-Rodriguez asserted that police did not substantiate the tip provided by the confidential informant indicating he had substantial amounts of controlled substances in his home. No testimony was presented at the suppression hearing, as both parties agreed that the court's decision should rest upon the contents of the four corners of the affidavit of probable cause completed to obtain the search warrant.

The relevant portion of the affidavit includes the following:

Probable cause belief is based upon the following facts and circumstances:

. . .

That within the last eight months Reliable Confidential Informant #1 (RCI-1) provided information to Lebanon County Drug Task

_____

[4] 35 P.S. §§ 780-101 – 780-140.

Force members including your affiant regarding individuals dealing or using controlled substances. That RCI-1 provided information about a person known to them as "Menor" is selling heroin at 244 E. Weidman Street. That RCI-1 also states "Menor" uses cellular telephone number 610-451-0689 to arrange drug transactions. That RCI-1 identified Adalberto Beniquez-Rodriguez as the person he or she knows as "Menor" from a Pennsylvania Driver License photograph provided by your affiants. That RCI-1 has made two controlled buys and provided information for the Drug Task Force in the past. That these controlled buys and information provided have led to the execution of two search warrants within Lebanon City that resulted in five subjects being charged criminally. That these drug related charges are pending in the Lebanon County Court of Common Pleas.

That within the five months[5] RCI-1 and Sgt. Brett Hopkins, working in an undercover capacity, traveled to the area [of] 244 E. Weidman Street in a civilian style Drug Task Force vehicle to make a controlled buy of heroin. That during the controlled buy RCI-1 remained seated in the civilian style Drug Task Force vehicle and made contact with Beniquez-Rodriguez. During this controlled buy, RCI-1 gave the money directly to Beniquez-Rodriguez and Beniquez-Rodriguez gave the heroin directly to RCI-1.

That within the last 48 hours, RCI-1 reported to Lebanon County Drug Task Force members that an ind[i]vidual known to them as "Menor" was in possession of a large quantity of controlled substances at 244 E. Weidman Street.

Application for Search Warrant, 11/21/13, at 4-5. The trial court considered this language, determined that probable cause existed, and denied Beniquez-Rodriguez's suppression motion.

_____

[5] It appears that a word was omitted and the phrase was intended to mean "within the **last** five months." Both parties have used this interpretation in arguing this matter.

Subsequently, the trial court held a non-jury trial in which the parties agreed to submit documentation to the court rather than present live testimony. The trial court found Beniquez-Rodriguez guilty of all charges against him on September 10, 2014, and sentenced him to two to five years' incarceration on October 29, 2014. Beniquez-Rodriguez filed a timely notice of appeal on November 28, 2014.

On appeal, Beniquez-Rodriguez raises one issue for our review:

Whether the [trial c]ourt erred in denying Beniquez-Rodriguez's omnibus pretrial motion to suppress, where the information relied upon in the search warrant was legally stale and where the recent information allegedly provided by a confidential informant was vague, unclear and provided without corroboration or factual support[.]

Brief of Appellant, at 4.

When reviewing a challenge to the denial of a suppression motion, our standard of review is as follows:

The standard and scope of review for a challenge to the denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the rulings of a suppression court, this Court considers only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. When the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

**Commonwealth v. Downey**, 39 A.3d 401, 405 (Pa. Super. 2012) (citations omitted).

- 4 -

Generally, police are prohibited from searching a person or his or her property and seizing personal items without a search warrant. **Commonwealth v. Petroll**, 738 A.2d 993, 998 (Pa. 1999). Whether a search warrant should be issued is based upon probable cause, which "exists where the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a search should be conducted." **Commonwealth v. Clark**, 28 A.3d 1284, 1288 (Pa. 2011). "Probable cause is based on a finding of the probability, not a *prima facie* showing of criminal activity, and deference is to be accorded a magistrate's finding of probable cause." **Commonwealth v. Ryerson**, 817 A.2d 510, 514 (Pa. Super. 2003). "The duty of the reviewing court is simply to verify that the issuing magistrate had a substantial basis for concluding that probable cause existed." **Commonwealth v. Huntington**, 924 A.2d 1252, 1255 (Pa. Super. 2007).

Beniquez-Rodriguez asserts that probable cause to obtain the search warrant did not exist because the information provided by the confidential informant was unsubstantiated. Beniquez-Rodriguez also argues that the affidavit of probable cause indicates that the controlled drug buy occurred within "the [last] five months," and that this is stale information that does not support a search warrant.

In cases involving a tip from a confidential informant, "a totality-of-the-circumstances analysis permits a balanced assessment of the relative

weights of all the various indicia of reliability and unreliability attending [the] tip." *Clark*, *supra*, at 1288. "The uncorroborated hearsay of an unidentified informant may be accepted as a credible basis for issuing a search warrant if the affidavit of probable cause avers circumstances that support the conclusion that the informant was credible." *Huntington*, *supra*, at 1255. Further, "an informant's tip may constitute probable cause where police independently corroborate the tip, **or** where the informant has provided accurate information of criminal activity in the past, **or** where the informant himself participated in the criminal activity." *Clark*, *supra*, at 1288 (emphasis in original).

Pennsylvania law establishes, however, that stale information cannot provide probable cause in support of a warrant. *Commonwealth v. Hoppert*, 39 A.3d 358, 363 (Pa. Super. 2012).

> [The age] of the information supporting a warrant application is a factor in determining probable cause. If too old, the information is stale, and probable cause may no longer exist. Age alone, however, does not determine staleness. The determination of probable cause is not merely an exercise in counting the days or even months between the facts relied on and the issuance of the warrant. Rather, we must also examine the nature of the crime and the type of evidence.

*Id.* (citation omitted). Additionally, corroborative information need not be current for it to be properly considered by the magistrate so long as it relates to prior conduct sufficiently similar to the acts in question. *Commonwealth v. Weidenmoyer*, 539 A.2d 1291, 1295 (Pa. Super. 1988). Evidence of criminal activity at some prior time may support a

finding of probable cause as of the date of the warrant if it is shown that the criminal activity continued up to or about that time. *Id.*

Here, Beniquez-Rodriguez correctly notes that the vague, five-month timeframe during which the controlled drug buy occurred would not, by itself, sufficiently support a warrant to search his residence. However, the controlled drug buy is corroborating conduct related to the informant's tip that Beniquez-Rodriguez possessed and was dealing heroin. Drug dealing is a type of activity that is frequently ongoing in nature, and the prior drug buy combined with the confidential informant's tip suggests a course of illegal conduct that continued through the time the police searched Beniquez-Rodriguez's home. *Weidenmoyer*, *supra*.

Moreover, the confidential informant in this matter was known to the officer to be reliable; the informant's tips had led to multiple arrests prior to police obtaining the search warrant for Beniquez-Rodriguez's home. The informant also included Beniquez-Rodriguez's mobile phone number used to complete drug deals, which is a specific detail indicating reliability, as well as the information that within 48 hours Beniquez-Rodriguez was known to be in possession of a large quantity of controlled substances. Based upon the totality of the circumstances, the information provided by the informant constituted probable cause when combined with the informant's reliability and the corroborating controlled drug buy. *Clark*, *supra*.

Because the information in the affidavit was sufficient to establish probable cause, we conclude that the trial court did not err in denying

Beniquez-Rodriguez's motion to suppress the evidence obtained from the search of his home.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2015