J-S17003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EDWARD HAMMOND | |
| Appellant | No. 1911 WDA 2014 |

Appeal from the Judgment of Sentence October 23, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003107-2014

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 02, 2016**

Appellant, Edward Hammond, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas following his stipulated, nonjury trial convictions for firearms not to be carried without a license and person not to possess a firearm.[1]  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issue for our review:

> DID THE COURT ERR BY DENYING [APPELLANT'S] MOTION
> TO SUPPRESS EVIDENCE OBTAINED DURING AN

_____

[1] 18 Pa.C.S.A. §§ 6106(a)(1) and 6501(a)(1) respectively.

_____

*Former Justice specially assigned to the Superior Court.

INVESTIGATIVE DETENTION CONDUCTED WITHOUT REASONABLE SUSPICION THAT [APPELLANT] WAS ENGAGING IN CRIMINAL ACTIVITY?

(Appellant's Brief at 4).

We review the denial of a suppression motion as follows:

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.
>
> > [W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

*Commonwealth v. Williams*, 941 A.2d 14, 26-27 (Pa.Super. 2008) (*en banc*) (internal citations and quotation marks omitted). "It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony." *Commonwealth v. Clemens*, 66 A.3d 373, 378 (Pa.Super. 2013) (quoting *Commonwealth v. Gallagher*, 896 A.2d 583, 585 (Pa.Super. 2006)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jill E. Rangos, we conclude Appellant's issue merits no relief. The trial court's opinion comprehensively discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed August 14, 2015, at 4-7) (finding:

based on allegations of increase in illegal drug sales and proliferation of weapons, police were patrolling neighborhood known for high rate of criminal activity; police observed suspicious criminal activity and, upon inquiry, obtained description of alleged drug dealer from prospective customer; police observed Appellant, who matched description of alleged drug dealer; when Appellant noticed police, Appellant appeared alarmed and attempted to walk away, in gait suggesting flight; Appellant grabbed left side of waistband with closed left hand, pressed open right hand against his body, and returned to building; based on training and experience, Officer Achille suspected Appellant was attempting to secure gun; Appellant matched description of alleged drug dealer[2]; Appellant's overall demeanor and furtive movements upon seeing police indicated Appellant may be armed and criminal activity was afoot; Officer Achille followed Appellant into building and heard running and yelling, which raised officer's concern for safety of residents; Officer Achille saw Appellant trying to force himself unsuccessfully into private residence; in consideration of specific reasonable inferences which Officer Achille was entitled to draw from facts in light of his experience, Officer Achille approached Appellant and asked if he was

_____

[2] Although the trial court mentions that it is common for drug dealers to be armed, in this context, Pennsylvania law recognizes no presumption that drug dealers are armed. Rather, the totality of the circumstances must still justify the validity of the police officer's frisk. **_See generally Commonwealth v. Zhahir_**, 561 Pa. 545, 751 A.2d 1153 (2000).

carrying weapon, and Appellant replied affirmatively; police patted Appellant down and removed a firearm; Appellant's admission gave Officer Achille probable cause to detain Appellant and recover firearm to neutralize threat of physical harm; officer's actions were based on both reasonable suspicion, and after Appellant admitted possessing firearm, probable cause; thus, court properly denied suppression motion). The record supports the trial court's decision; therefore, we have no reason to disturb it. Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/2016

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

v.

EDWARD HAMMONDS,
A/K/A EDWARD HAMMOND

Appeal of:

EDWARD HAMMONDS,
A/K/A EDWARD HAMMOND,

Appellant

CRIMINAL DIVISION

**CC No. 201403107**

ORIGINAL
Criminal Division
Dept. of Court Records
Allegheny County, PA.

**OPINION**

Honorable Jill E. Rangos
Room 326
436 Grant Street
Pittsburgh, PA 15219

Copies to:

Timothy LaVoie
Law Office of the Public Defender
400 County Office Building
542 Forbes Avenue
Pittsburgh, PA 15219-2904

Michael Streily
Office of the District Attorney
401 County Courthouse
436 Grant St.
Pittsburgh, PA 15219

FILED
2015 AUG 14 PM 3: 48
DEPT. OF
CRIMINAL
ALLEGHE

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

v.

EDWARD HAMMONDS,
A/K/A EDWARD HAMMOND

Appeal of:


EDWARD HAMMONDS,
A/K/A EDWARD HAMMOND

Appellant

CRIMINAL DIVISION

CC No. 201403107

## OPINION

RANGOS, J.                                                           August 14, 2015

On July 25, 2014, this Court, following a hearing, denied a suppression motion filed by Appellant, Edward Hammonds. On July 31, 2014, after a stipulated nonjury trial, this Court convicted Appellant of one count each of Firearm Not To Be Carried Without a License and Person Not to Possess a Firearm.[1] This Court sentenced Appellant on October 23, 2014 to 36 to 84 months incarceration on the Firearms Not To Be Carried Without a License, with no further penalty on the remaining count. Appellant filed a Notice of Appeal on November 21, 2014 and a Concise Statement of Matters to be Complained of on Appeal on April 24, 2015.

---

[1] 18 Pa. C.S. §§6106(a)(1) and 6501(a)(1).

2

## MATTERS COMPLAINED OF ON APPEAL

Appellant alleges as his sole issue in his Concise Statement that this Court erred in denying his Motion to Suppress, as the officer conducted an illegal search and seizure of Appellant. (Concise Statement of Errors Complained of on Appeal at 3).

## SUMMARY OF THE FACTS

At a hearing on Appellant's suppression motion on July 25, 2014, Officer Santina Achille, a five year veteran of the Pittsburgh Police Department, testified that on November 7, 2013, at approximately 6:00 p.m., he and his partner were patrolling the Sandusky Court neighborhood after receiving several complaints about an increase in guns and drugs in that area. (Transcript of Suppression Hearing of July 24, 2014, hereinafter ST, at 5-6) While on patrol, Officer Achille observed an unknown female exit a sedan, and based on his experience and training, witnessed what he believed to be the beginnings of a possible narcotics transaction. *Id.* at 6. Officer Achille followed the woman into an unlocked building and questioned her. *Id* at 8. He testified that the woman told him she was in the complex to purchase heroin from a man she described as being a black male, approximately 5'7", wearing a black hoody sweatshirt and a pair of khaki pants. *Id.* at 9-10.

Officer Achille testified that upon exiting the building he witnessed a male matching the description given by the woman. *Id.* at 10. He further testified that the male, later identified as Appellant, paused and appeared alarmed upon seeing a police officer. Appellant then grabbed the front of the left side of his waistband with his closed left hand, and pressed his open right hand against the right side of his body. *Id.* at 11. Officer Achille saw Appellant reenter the building, and followed him from a distance. *Id.* Officer Achille testified that after he entered the

3

building, he could hear someone running, then a male voice yelling, "You're not coming in here, you're not coming in here, get out of here, you're not coming in here." *Id* at 13. Officer Achille followed the voices and observed Appellant attempting to forcibly enter an apartment. *Id.* As he approached, Officer Achille testified that he asked Appellant if he had any weapons on him, and Appellant "shook his head yes, looked down at his right hip, and said 'Yeah.'" *Id.* at 14. The officer detained Appellant and recovered the firearm from Appellant. *Id.*

## DISCUSSION

The standard of review in determining whether the trial court appropriately denied the suppression motion is whether the record supports the factual findings and whether the legal conclusions drawn from these facts are correct. *Commonwealth v. Stevenson*, 894 A.2d 759, 769 (Pa.Super. 2006). In determining whether a search and seizure was proper, a trial court is tasked with determining whether "in justifying the particular intrusion the police officer [was] able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968).

Appellant alleges that the search which led to his arrest violated his constitutional rights because the circumstances did not rise to the level of reasonable suspicion or probable cause. The Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protects citizens from unreasonable search and seizure.

> To safeguard this right, courts require police to articulate the basis for their interaction with citizens in increasingly intrusive situations:
> The first of these is a "mere encounter" (or request for information) which need not be supported by any level of suspicion, but carries no official compulsion to stop or to respond. The second, an "investigative detention" must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional

4

equivalent of an arrest. Finally, an arrest or "custodial detention" must be supported by probable cause.

*Commonwealth v. McAdoo*, 46 A.3d 781, 784 (Pa.Super. 2012) (quoting *Commonwealth v. Downey*, 39 A.3d 401, 405 (Pa.Super. 2012). It is long understood that "[a] police officer may detain an individual in order to conduct an investigation if that officer reasonably suspects that the individual is engaging in criminal conduct." *Commonwealth v. Cook*, 735 A.2d 673, 676 (Pa. 1999). This standard, which carries a lower threshold than probable cause, is commonly known as reasonable suspicion.

> Reasonable suspicion . . . depends on the information possessed by police and its degree of reliability in the totality of the circumstances. In order to justify the seizure, a police officer must be able to point to specific and articulable facts leading him to suspect criminal activity is afoot. In assessing the totality of the circumstances, [the] court must also afford due weight to the specific, reasonable inferences drawn from the facts in light of the officer's experience and acknowledge that innocent facts, when considered collectively, may permit the investigative detention.
>
> . . .
>
> The determination of whether an officer had reasonable suspicion that criminality was afoot so as to justify an investigatory detention is an objective one, which must be considered in light on the totality of the circumstances. It is the duty of the suppression court to independently evaluate whether, under the particular facts of a case, an objectively reasonable police officer would have reasonably suspected criminal activity was afoot.

*Commonwealth v. Holmes*, 14 A.3d 89, 95 and 96 (Pa. 2011) (citation omitted).

"In making this determination, we must give 'due weight to the specific reasonable inferences the police officer is entitled to draw from the facts in light of his experience.'" *Cook*, 735 A.2d at 676 (quoting *Terry*, 392 U.S. at 27). The "totality of the circumstances" test, as established in *Holmes*, does not limit this Court's inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, "even a combination of innocent facts, when taken together, may warrant further investigation by the police officer." *Cook*, 735 A.2d at 676.

5

*See also Illinois v. Wardlow*, 528 U.S. 119 (2000); *Commonwealth v. Freeman*, 757 A.2d 903 (Pa. 2000); *In Interest of O.J.*, 958 A.2d 561 (Pa.Super. 2008) *(en banc)*.

In applying the totality of the circumstances test, and evaluating the combination of factors related to the incident surrounding the encounter with Appellant, this Court found that the police encounter and ultimate arrest were appropriate. Officer Achille and his partner were patrolling a neighborhood known for a high rate of criminal activity, with allegations of an increase in illegal drug sales and a proliferation of weapons. In addition, Officer Achille observed suspicious activity and, upon inquiry, obtained the description of an alleged drug dealer from a prospective customer. The Officer then observed Appellant, who met that description. When Appellant noticed Officer Achille, Appellant "appeared alarmed" and attempted to walk away "in a gait as somebody who was planning to exit and go somewhere else." Furthermore, Appellant grabbed the left side of his waistband with his closed left hand, pressed his open right hand against his body, and returned to the building. Based on his training and experience, Officer Achille suspected Appellant was attempting to secure a gun. Officer Achille already had information that a person matching Appellant's description had arranged to meet in that general area to sell drugs, and it is common for drug dealers to carry weapons. Appellant's overall demeanor and furtive moments upon seeing the Officer further indicated Appellant may be armed and that criminal activity was afoot.

Officer Achille then entered the building Appellant had just entered and heard running and yelling, which raised his concern for the safety of the building residents. Upon investigation, he discovered Appellant attempting to forcibly enter an apartment. In consideration of "specific reasonable inferences which he is entitled to draw from facts in light of his experience," *Terry*, 392 U.S. at 27, Officer Achille approached Appellant and asked if he was carrying a weapon, to

6

which Appellant replied affirmatively. This admission gave Officer Achille probable cause to detain Appellant and recover the firearm to "neutralize the threat of physical harm." *See Terry*, 392 U.S. at 24. As the actions of the Officer were based on reasonable suspicion, and after Appellant's admission probable cause, this Court did not err in denying the motion to suppress.

## CONCLUSION

For all of the above reasons, no reversible error occurred and the findings and rulings of this Court should be AFFIRMED.

Jill E. Rangos                    J.
_____
Jill E. Rangos

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this OPINION was mailed to the following individuals by first class mail, postage prepaid on the 14th day of August 2015.

Timothy LaVoie
Law Office of the Public Defender
400 County Office Building
542 Forbes Avenue
Pittsburgh, PA  15219-2904

Michael Streily
Office of the District Attorney
401 County Courthouse
436 Grant Street
Pittsburgh, PA  15219

_____
James J. Robertson, Law clerk for Jill E. Rangos

8