J-S82036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY WEST, | |
| Appellant | No. 879 MDA 2016 |

Appeal from the Judgment of Sentence April 28, 2016
in the Court of Common Pleas of Franklin County
Criminal Division at No.: CP-28-SA-0000010-2016

BEFORE: OTT, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JANUARY 05, 2017**

Appellant, Anthony West, appeals from the judgment of sentence entered on April 28, 2016, following his non-jury conviction of driving while operating privilege is suspended (DUS).[1] For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from our independent review of the certified record. On November 6, 2015, Police Officer Cole Baker of the Chambersburg Borough Police Department, stopped a vehicle driven by Appellant for erratic driving, after he observed him swerving out of the traffic lane and speeding. (*See* N.T. Hearing,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 1543(a).

4/28/16, at 3-4). Appellant initially refused to cooperate with Officer Baker, who requested assistance from other officers. (*See id.* at 4). Once the on-duty supervisor arrived, Appellant provided identification; Officer Baker then ran Appellant's license, which came back as suspended. (*See id.*). When asked, Appellant admitted that he was aware that he did not have a valid Pennsylvania driver's license but claimed to have a valid New York State driver's license. (*See id.*). However, Officer Baker subsequently determined that this was not true. (*See id.*). Officer Baker cited Appellant for DUS. (*See id.* at 5).

On January 28, 2016, Appellant appeared *pro se* at a summary hearing. The magisterial district judge found him guilty of DUS and sentenced him to a flat term of incarceration of one hundred and fifty days. On February 16, 2016, Appellant, acting *pro se*, filed a summary appeal. In late March 2016, Appellant, acting *pro se*, successfully continued his *de novo* hearing and obtained counsel. However, he did not meet with counsel prior to the continued hearing because he had "doctors (sic) appointments and other things I had to take care of." (N.T. Hearing, at 3).

Although Appellant unsuccessfully sought a continuance because of counsel's lack of preparation, (*see id.* at 2-3), the *de novo* hearing took place on April 28, 2016. At the hearing, Officer Baker represented the Commonwealth and called himself as its only witness. (*See id.* at 3-4). Appellant elected not to testify at the hearing. (*See id.* at 9). Following the

- 2 -

close of evidence, despite not having filed any motion to suppress, counsel argued that the trial court should dismiss the case because there was not reasonable suspicion to justify the motor vehicle stop. (*See id.* at 9-10).

The trial court found Appellant guilty and immediately imposed a sentence of not less than sixty nor more than one hundred and eighty days of incarceration, the costs of prosecution, fees and a fine of five hundred dollars. (*See id.* at 13). The instant timely appeal followed. On June 2, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on June 24, 2016. *See id.* On July 11, 2016, the trial court issued an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following question for our review:

> Whether the trial court erred in failing to rule on Appellant's suppression argument and in finding Appellant guilty of [DUS] when the officer did not testify to sufficient information to support that he had reasonable suspicion or probable cause to stop Appellant's vehicle for a suspected violation of the [v]ehicle [c]ode[?]

(Appellant's Brief, at 5).

Appellant first claims that the "trial court erred in failing to rule on [his] suppression argument." (*Id.*). However, he waived this claim. Appellant did not raise this claim in his Rule 1925(b) statement, which only challenged the trial court's finding of guilt. (*See* Concise Statement of [Errors] Complained of on Appeal, 6/24/16, at 1). As amended in 2007, Pennsylvania Rule of Appellate Procedure 1925 provides that issues that are

- 3 -

not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in* **Commonwealth v. Burton**, 973 A.2d 428, 431 (Pa. Super. 2009). Moreover, an appellant cannot raise a new issue on appeal. **See** Pa.R.A.P. 302(a). Therefore, Appellant waived any challenge to the trial court's failure to consider his suppression argument.

Appellant next argues that the trial court erred in finding him guilty when the police lacked reasonable suspicion to stop his vehicle. (**See** Appellant's Brief, at 13-16). However, we find that Appellant waived his claim that the police lacked reasonable suspicion to stop his vehicle because he did not file a motion to suppress and, therefore, the trial court did not abuse its discretion in failing to consider his argument.

With respect to motions to suppress, the Pennsylvania Rules of Criminal Procedure provide in relevant part:

> (A) The defendant's attorney, or the defendant if unrepresented, may make a motion to the court to suppress any evidence alleged to have been obtained in violation of the defendant's rights.

> (B) Unless the opportunity did not previously exist, or the interests of justice otherwise require, such motion shall be made only after a case has been returned to court and shall be contained in the omnibus pretrial motion set forth in Rule 578. If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be waived.

\* \* \*

- 4 -

(D) The motion shall state specifically and with particularity the evidence sought to be suppressed, the grounds for suppression, and the facts and events in support thereof.

(E) A hearing shall be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion). A hearing may be either prior to or at trial, and shall afford the attorney for the Commonwealth a reasonable opportunity for investigation. The judge shall enter such interim order as may be appropriate in the interests of justice and the expeditious disposition of criminal cases.

\* \* \*

[Comment:] It should be noted that failure to file the motion within the appropriate time limit constitutes a waiver of the right to suppress. However, once the motion is timely filed, the hearing may be held at any time prior to or at trial.

All motions to suppress must comply with the provisions of Rule 575 (Motions and Answers) and Rule 576 (Filing and Service by Parties).

Pa.R.Crim.P. 581(A), (B), (D), (E), and Comment. This Court has stated that "[c]riminal [r]ules, unless specifically made inapplicable, must be followed in all *de novo* proceedings in our trial courts on summary violation appeals." **Commonwealth v. Pringle**, 450 A.2d 103, 107-08 (Pa. Super. 1982).

Appellant concedes that he did not file a suppression motion prior to the *de novo* hearing. (**See** Appellant's Brief, at 11). Appellant further admits that he did not make an oral motion to suppress at the close of the Commonwealth's evidence. (**See id.** at 12). Nonetheless, he claims that this Court's decision in **Commonwealth v. Downey**, 39 A.3d 401 (Pa. Super. 2012), *appeal denied*, 50 A.3d 124 (Pa. 2012), allows for "truncated

procedures" in summary conviction cases and compels that we find Appellant did not waive the suppression issue. (Appellant's Brief, at 11; *see id.* at 12-14). We disagree.

In *Downey*, the defendant did not file a written motion to suppress prior to his *de novo* hearing, however, counsel made an oral motion to suppress at the end of the Commonwealth's case. *See Downey*, *supra* at 404. The Commonwealth did not object, and the trial court, after hearing argument, specifically denied the motion. *See id.* On appeal, for the first time, the Commonwealth argued that Appellant had waived the issue by failing to file a written motion. *See id.* In rejecting this argument, we stated:

> We note[] that the rule expressly indicates that a written motion was not required if the opportunity to file it did not previously exist or if the interests of justice otherwise required consideration of the motion. . . . Whether the opportunity did not previously exist or the interests of justice otherwise require is a matter for the discretion of the trial judge.
>
> Herein, the trial court entertained Appellant's oral motion to suppress and rendered a ruling on the merits. Furthermore, the Commonwealth never objected at the summary trial to the trial court's consideration of the oral suppression request. It is only now, on appeal, that the Commonwealth urges a finding of waiver. Finally, this matter involved a summary conviction, the adjudication of which entails truncated procedures. Hence, we decline to find waiver herein.

*Id.* (citation and quotation marks omitted).

The instant matter is distinguishable. Here, Appellant never made an oral motion to suppress. Instead, Appellant waited until after the close of

evidence and, in closing argument, asserted that the trial court case should dismiss the case because the police officer lacked reasonable suspicion for the motor vehicle stop. (*See* N.T. Hearing, at 9-10). The Commonwealth, which was represented by Officer Baker, not an assistant district attorney, had no notice that suppression would be an issue at trial,[2] and no opportunity to object to a motion that Appellant did not make. Further, the trial court could not rule on a non-existent motion.

Moreover, Appellant has failed to demonstrate that, even if we were to consider remarks made during closing argument an oral motion to suppress, "the opportunity did not previously exist [to file the motion], or the interests of justice otherwise require[d]" the trial court to entertain it. Pa.R.Crim.P. 581(B); *see also Downey*, *supra* at 404. In his brief, Appellant argues that he was unaware that a suppression issue existed because "counsel had not had the opportunity to meet with Appellant prior to the hearing . . . ." (Appellant's Brief, at 11). However, the record reflects that Appellant continued the *de novo* hearing once in order to obtain counsel, and had

_____

[2] As the trial court aptly noted, "[t]his matter was not a summary trial for an offense such as reckless driving where the elements of the underlying offense would be congruent with the evidence of the stop." (Trial Court Opinion, 7/11/16, at 5-6) (footnote omitted). The Commonwealth charged Appellant with driving while operating privilege was suspended or revoked. Therefore, it had to prove that Appellant was driving on a highway or trafficway; and his operating privilege was suspended or revoked. *See* 75 Pa.C.S.A. § 1543(a). Thus, absent the filing of a motion to suppress, there was nothing to alert the Commonwealth that it needed to prepare its witness to testify about the reasonableness of the motor vehicle stop.

approximately one month during which he could have met with counsel. (**See** N.T. Hearing, at 2-3). The record further reflects that Appellant made a conscious decision not to meet with counsel prior to trial because he had "other things I had to take care of." (**Id.** at 3.) Under these circumstances, we cannot say that there was no opportunity to file the motion prior to trial or that the interests of justice required the trial court to treat statements made during closing argument as an oral motion to suppress. Accordingly, for the reasons discussed above, we find that Appellant waived his suppression issue. **See** Pa.R.Crim.P. 581(B); **see also Downey**, **supra** at 404. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2017