J-S40010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL D. TWYMAN | |
| Appellant | No. 2400 EDA 2015 |

Appeal from the Judgment of Sentence July 8, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002588-2014

BEFORE: BOWES, MUNDY AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.: **FILED JULY 15, 2016**

Michael D. Twyman appeals from the July 8, 2015 judgment of sentence of three years probation imposed by the trial court after a jury found Appellant guilty of possession of a controlled substance ("possession") and possession of drug paraphernalia ("paraphernalia"). Counsel filed a petition to withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm and grant counsel's petition to withdraw.

On July 26, 2014, Mr. John M. Moss, a victim in a recent shooting, contacted Coastesville city police to report that he witnessed his assailant in a particular deli. Mr. Moss provided the police with a description of his attacker, and after being transported to the police station, identified the

suspect from a photographic array. The police then provided this description, and the suspect's last known location, to patrol units in the area.

Shortly thereafter, Officer Joseph Norcini confronted Appellant because Appellant matched the description provided by Mr. Moss, and was walking within a block of the deli where the suspect was last seen. Officer Norcini initiated an investigatory stop to determine whether Appellant was the reported shooting suspect. Upon confronting Appellant, Officer Norcini asked Appellant to identify himself. Appellant refused to do so. Noting that Appellant kept putting his hands in his pockets, and fearing for his own safety, Officer Norcini requested that Appellant position his hands on the trunk of the police cruiser. Believing he had encountered an armed suspect, Officer Norcini approached Appellant to frisk him for concealed weapons. As Officer Norcini advanced, Appellant fled.

Police officers apprehended Appellant following a short foot pursuit. A search incident to arrest revealed Appellant possessed thirty-six bags containing a white substance, a large amount of cash, and a cell phone. Field testing confirmed the white substance was cocaine.

The Commonwealth charged Appellant with possession with intent to deliver a controlled substance, possession of a controlled substance, possession of drug paraphernalia, flight to avoid apprehension, trial or punishment, and resisting arrest. Appellant filed a motion to suppress physical evidence arguing that Officer Norcini lacked reasonable suspicion to

detain and frisk him. Following a hearing, the trial court denied Appellant's motion.

Subsequently, a jury found Appellant guilty of possession and paraphernalia. The court sentenced him to three years probation for possession, and a concurrent period of one year probation for paraphernalia. Appellant filed a timely notice of appeal. In lieu of a Rule 1925(b) statement of errors complained of on appeal, counsel filed a statement of intent to file an **Anders** brief pursuant to Pa.R.C.P. 1925(d)(4). The trial court then issued its 1925(a) opinion.

Appellant's counsel now files a petition to withdraw and an accompanying **Anders** brief, asserting that there are no non-frivolous issues to be reviewed. In the **Anders** brief, counsel set forth the following as the issue arguably supporting an appeal: "Did the trial court err in denying Appellant's motion to suppress physical evidence?" **Anders** brief at 2.

As we do not address the merits of issues raised on appeal without first reviewing a request to withdraw, we evaluate counsel's petition to withdraw at the outset. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). Counsel must meet three procedural requirements in order to withdraw: 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the **Anders** brief to the defendant; and 3) inform the defendant that he has the right to

retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. ***Id***.

Counsel's petition to withdraw provides that she made a conscientious examination of the record and concluded that the appeal is wholly frivolous. Counsel advised Appellant that she was withdrawing and furnished him with copies of the petition to withdraw and the ***Anders*** brief. Furthermore, counsel instructed Appellant that he had the right to retain new counsel and expressed that he could proceed *pro se* and raise any issues he believed this Court should consider. The letter to Appellant is attached to the petition to withdraw. Hence, we find counsel has adequately complied with the procedural requirements of ***Anders***.

We now consider whether counsel's ***Anders*** brief meets the substantive elements of ***Santiago***. Pursuant to ***Santiago***, an ***Anders*** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, ***supra*** at 361.

Counsel summarized the procedural posture and factual background of the case with citations to the record. She also presented argument tending

to support the appeal. Nevertheless, counsel concludes that Appellant's appeal is frivolous, setting forth reasons in support of that position, and case law that holds that his issue would not entitle him to relief. Therefore, counsel has complied with the requirements of **Anders**/**Santiago**.

We now proceed to examine the issue presented by counsel in the **Anders** brief. In cases involving a review of the denial of a defendant's suppression motion, we are subject to the following standard of review:

> [An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court] is bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to [] plenary review.

**Commonwealth v. Jones**, 121 A.3d 524, 526-527 (Pa.Super. 2015) (quoting **Commonwealth v. Jones**, 988 A.2d 649, 654 (Pa. 2010) (internal citations and quotation marks omitted)).

Initially, we observe that, in evaluating an interaction between law enforcement and other citizens, Pennsylvania courts look to whether the

interaction is a mere encounter, an investigatory detention, or a custodial detention. A mere encounter does not require police to have any level of suspicion that the person is engaged in wrongdoing. *Commonwealth v. Downey*, 39 A.3d 401, 405 (Pa.Super. 2012). Such an encounter does not compel the party to stop or respond. *Id*. An investigative detention subjects an individual to a stop and a short period of detention. *Id*. However, to conduct an investigative detention, police must have reasonable suspicion of criminal activity. *Id*. Finally, a custodial detention must be supported by probable cause. *Id*.

Neither party disputes that Officer Norcini conducted an investigatory stop when he first approached Appellant. With regard to an investigatory stop

> a police officer may, short of an arrest, conduct an investigative detention if he has a reasonable suspicion, based upon specific and articulable facts, that criminality is afoot. The fundamental inquiry is an objective one, namely, whether the facts available to the officer at the moment of the intrusion warrant a man of reasonable caution in the belief that the action taken was appropriate. This assessment, like that applicable to the determination of probable cause, requires an evaluation of the totality of the circumstances, with a lesser showing needed to demonstrate reasonable suspicion in terms of both quantity or content and reliability.

*Commonwealth v. Shabezz*, 129 A.3d 529, 534 (Pa.Super. 2015) (citation omitted, internal brackets omitted).

Following Appellant's flight and apprehension, Officer Norcini detained and arrested Appellant. The probable cause necessary for a custodial

detention is "made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." ***Commonwealth v. Fleet***, 114 A.3d 840, 854 (Pa.Super. 2015) (citation omitted). The pertinent question "is not whether the officer's belief was correct or more likely true than false [but] rather, we require only a probability, and not a *prima facie* showing, of criminal activity." ***Id***. Similar to our reasonable suspicion analysis, "In determining whether probable cause exists, we apply a totality of the circumstances test." ***Id***.

Specifically, Appellant argues that the description provided by Mr. Moss fit a large number of young men in the city of Coatesville. ***Anders*** brief at 16. In addition, Appellant continues, it is not clear how much time passed between Mr. Moss's report and Officer Norcini's observation of Appellant. ***Id***. Appellant maintains that Officer Norcini did not have reasonable suspicion to believe Appellant committed a crime and that he was presently armed. ***Id***. Therefore, Appellant concludes that the physical evidence arising from his detention should be suppressed. Alternatively, if the court were to find Officer Norcini had reasonable suspicion to detain and frisk Appellant, then he contends that the police lacked probable cause to effectuate an arrest. ***Id***. at 17.

Instantly, Mr. Moss provided a description of his assailant to the police. He depicted his attacker as a black male, approximately thirty years old, six feet tall, 180-200 pounds in weight, and wearing a black hat, white t-shirt, and either khaki capri shorts or pants. Mr. Moss then identified his assailant from a photographic array provided by the police. This information and the suspect's last known location were communicated to nearby patrol units.

Shortly thereafter, and on the basis of this information, Officer Norcini approached Appellant, who was a block from the suspect's last known location, to question him regarding his identity. At that time, Appellant, a black man similar in age, height, and weight to the shooting suspect, was wearing a black hat, a white t-shirt, and khaki capris. Upon being stopped, Appellant refused to identify himself, fidgeted with his pockets, and failed to keep his hands on the police cruiser as requested by the officer. Officer Norcini, believing Appellant to be the perpetrator of a violent crime, approached him to conduct a frisk for concealed weapons. Appellant fled the scene before Officer Norcini could effectuate the pat down. The suppression court found the officers who testified at the hearing to be credible, and based on the above information, concluded that the officers lawfully detained and arrested Appellant.

We agree. In light of the totality of the circumstances, the suppression court had ample support in the record to find that Officer Norcini had reasonable suspicion to detain Appellant, and probable cause to arrest

him. Mr. Moss provided a reliable and specific description of the shooting suspect. Appellant's gender, race, age, height, weight, and clothing matched this description. In addition, Officer Norcini approached Appellant shortly after Mr. Moss made his report, and only one block from the suspect's last known location. This information would lead an objectively reasonable police officer to suspect Appellant was the shooting suspect, and in light of Appellant's behavior, that he was presently armed. These facts, coupled with Appellant's subsequent flight, supported the officer's reasonable suspicion to stop Appellant, and probable cause for his arrest. *See Commonwealth v. Legg*, 392 A.2d 801, 803 (Pa.Super. 1978) (finding flight alone not sufficient to establish probable cause to arrest, but flight coupled with additional facts pointing to suspect's guilt may establish probable cause). The suppression court did not err.

We have reviewed the certified record and find no other preserved issues or non-waivable claims that might be advanced that are meritorious. Accordingly, we agree that Appellant's appeal is wholly frivolous.

Petition of Maria Heller, Esq., to withdraw is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2016